UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIANELYS POLLS,

Plaintiff,

vs.                                                            Case No.:

ALLIANT CAPITAL MANAGEMENT LLC.,

Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

3.      This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff. This action also arises out of Defendant's violations of the FDCPA and the FCCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendant transacts business here.

PARTIES

5.      Plaintiff, Dianelys Polls, is a natural person who resides in the City of Hialeah, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Alliant Capital Management LLC. (hereinafter "Alliant Capital"), a New York limited liability company, is a collection agency operating from an address of 210 John Glenn Drive #7, Amherst, NY 14228, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Alliant Capital regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

8.      Alliant Capital regularly collects or attempts to collect debts for other parties.

9.      Alliant Capital is a "debt collector" as defined in the FDCPA and FCCPA.

10.     Alliant Capital was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

FACTUAL ALLEGATIONS

11.     Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

12.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions that were primarily for personal purposes, specifically, a personal credit card debt.

14.     Within 5 days of its initial communication with Plaintiff, Defendant failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

15.     Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated. Further, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

16.     The Defendant did not provide Plaintiff with written notice of assignment from creditor, within 30 days after the assignment.

## COLLECTION CALLS

17.     In or about the month of May 2014, Alliant Capital's collectors contacted Plaintiff by telephone, on more than one occasion, in efforts to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

18.     During these calls, Defendant left the following voicemail messages for Plaintiff on her home telephone number, on or about the dates stated, with the attempt to harass Plaintiff, and failed to identify itself as a debt collector:

05/23/14
Hello. This is a message for Dianelys Polls. This is not a sales call. You have an important matter with our company that deserves your immediate attention. Please call me back as soon as possible to the following number at 855-935-3658. Again, the number is 855-935-3658. When returning this call, please refer to reference number 715510. Again, the reference number is 715510.  If you wish to speak to someone now regarding your account press zero. To repeat this information press the star key. Thank you. Goodbye. *(Female voice)*

05/31/14
Hello. This is a message for Dianelys Polls. This is not a sales call. You have an important matter with our company that deserves your immediate attention. Please call me back as soon as possible to the following number at 855-481-1782.

3

Again, the number is 855-481-1782. When returning this call, please refer to reference number 715510. Again, the reference number is 715510. If you wish to speak to someone now regarding your account press zero. To repeat this information press the star key. Thank you. Goodbye. *(Female voice)*

19.     Defendant's voicemail messages failed to disclose that it was a debt collector and that it was attempting to collect a debt from the Plaintiff.

## SUMMARY

20.     All of the above-described collection communications were made by the Defendant to Plaintiff's home where she resides with other individuals, and are in violation of 15 U.S.C. §1692, as well as the FCCPA §559.72.

21.     The above-described collection communications made by Defendant Alliant Capital, and its collection employees, to Plaintiff at home were made in violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to 15 U.S.C. § 1692(b), §1692(c), §1692(d), §1692(e), and §1692(g), as well as Florida Statutes §559.72(5) and §559.72(7).

22.     During its collection communications, Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), §1692e(11) amongst others.

23.     Defendant left voicemail messages for Plaintiff at her home, without knowing whether any other household member had access to the voicemail messages. In doing so, the Defendant disclosed information affecting the debtor's reputation to a person other than the debtor. Defendant had reason to know that a third party listening to these voicemail messages had no legitimate business need for that information. These communications were conducted in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(c),

namely 15 U.S.C. § 1692c(a)(3) and 15 U.S.C. § 1692c(b), as well as Florida Statutes §559.72(5).

24.     The Defendant left voicemail messages for the Plaintiff at her home and failed to state the purpose of Defendant's communications, in violation of 15 U.S.C.§1692d(6) and 15 U.S.C. §1692e(11).

25.     The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, as well as invasions of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts, which resulted in damages to this Plaintiff.

26.     Defendant's disclosure of Plaintiff's indebtedness to a third party constitutes an invasion of her privacy and her right to financial privacy.

27.     Defendant's communications, as detailed above, with Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA, as stated herein. Defendant willfully or knowingly violated FDCPA and FCCPA.

## TRIAL BY JURY

28.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7.  Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

29.     Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully stated herein.

30.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

31.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### 15 U.S.C. § 1692e

32.     Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully stated herein.

33.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### 15 U.S.C. § 1692d

34.     Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully stated herein.

35.     Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### CONTACTING THIRD PARTIES
### 15 U.S.C. § 1692(b)

36.    Plaintiff incorporates by reference all of the above paragraphs 1 through 28 of this Complaint as though fully stated herein.

37.    Defendant left messages for Plaintiff at her home at a voicemail that is accessible to persons other than the Plaintiff, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(b), namely 15 U.S.C. § 1692b(1), and 15 U.S.C. § 1692b(3).

38.    Defendant violated § 1692b of the FDCPA by the foregoing acts.

## COUNT 5

### PROHIBITED COMMUNICATIONS PRACTICES
### 15 U.S.C. § 1692(c)

39.    Plaintiff incorporates by reference all of the above paragraphs 1 through 28 of this Complaint as though fully stated herein.

40.    Defendant engaged in prohibited communications practices when it left messages in a voicemail that are accessible to persons other than the Plaintiff.

41.    By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(c), namely § 1692c(a)(3) and § 1692c(b).

## COUNT 6

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

42.    Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully stated herein.

43.     Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt.

44.     Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

<u>COUNT 7</u>

<u>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY</u>

45.     Plaintiff incorporates by reference all of the above paragraphs 1 through 28 of this Complaint as though fully stated herein.

46.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to maritial instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

Congress also recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act. This Act regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, when it stated as part of its purpose:

> It is the policy of the Congress that each financial institution has an affimative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

47.     Defendant and/or its agents intentionally and/or negligently interfered with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt, resulting in an invasion of Plaintiff's privacy.

48.     Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to third parties when it left messages in a voicemail at Plaintiff's home, where voicemail messages are accessible to third parties, thereby invading Plaintiff's right to financial privacy.

49.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

50.     The conduct of this Defendant and its agent, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in an intrusion and invasion of privacy, which would be considered highly offensive to a reasonable person in that position.

## COUNT 8

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT FLORIDA STATUTE §559.55 et seq. ("FCCPA")

51.     Plaintiff incorporates by reference all of the above paragraphs 1 through 28 of this Complaint as though fully stated herein.

52.     The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

53.     As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 9

### VIOLATION OF 559.72(5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

54.　Plaintiff incorporates by reference all of the above paragraphs 1 through 28 of this Complaint as though fully stated herein.

55.　Defendant disclosed Plaintiff's alleged indebtedness to a third-party. Defendant knew or had reason to know that the third party did not have a legitimate need for the information, in violation of Florida Statute § 559.72(5), FCCPA. Defendant attempted to collect a debt by disclosing to a person other than the debtor information regarding Plaintiff's reputation, in violation of Florida Statute § 559.72(5), FCCPA.

56.　As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

## COUNT 10

### VIOLATION OF §559.715 OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

57.　Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully stated herein.

58.　The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

59.　Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)      Damages;

b)      Reasonable attorney's fees and costs; and

c)      Such further relief as this Court may deem appropriate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  September 1, 2014                  Respectfully submitted,


                                           /s/ Monica Amor
                                           LAW OFFICES OF MONICA AMOR, P.A.
                                           Monica Amor, Esq.
                                           E-mail: mamor@amorlaw.com
                                           Florida Bar No: 0118664
                                           6355 N.W. 36th Street, Suite 406
                                           Virginia Gardens, Florida 33166
                                           Telephone: (305) 526-8686
                                           Facsimile:  (888) 460-7585
                                           *Lead Trial Counsel for Plaintiff*


                                           /s/ Lydia C. Quesada
                                           LAW OFFICES OF LYDIA C. QUESADA P.A.
                                           Lydia C. Quesada, Esq.
                                           E-mail: lydia@lquesadalaw.com
                                           Florida Bar No: 0191647
                                           1165 W. 49th Street, Suite 107
                                           Hialeah, Florida 33012
                                           Telephone: (305) 824-9800
                                           Facsimile: (305) 824-3868
                                           *Co-Counsel for Plaintiff*




SERVICE LIST


Alliant Capital Management LLC.
c/o David Peltan, Esq, as Registered Agent
134 Cinnamon Street
Middleburg, FL 32068
Defendant